**Federal Defenders
OF NEW YORK, INC.**

Eastern District
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

Tamara L. Giwa
*Executive Director*

Michelle A. Gelernt
*Attorney-in-Charge*

November 26, 2024

**By ECF**

The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   *United States v. Caleb Apolinaris*, 22 CR 398 (MKB)

Dear Judge Brodie:

I write in response to the Court's order of November 25, 2024, directing the parties to "submit their arguments, if any, regarding the restitution award recommended in the Presentence Investigation Report."

**Background**

On March 27, 2024, Mr. Apolinaris pleaded guilty to a single count indictment charging him with distributing and possessing with the intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). As noted in the Presentence Investigation Report ("PSR"), restitution pursuant to the Mandatory Victims Restitution Act of 1996 ("MVRA") does not apply in this case. *See* 18 U.S.C. § 3663A(c)(1)(A) (limiting mandatory restitution to convictions for certain crimes, not including violations of 21 U.S.C. § 841). The probation department goes on to state that the Court "may order restitution, pursuant to 18 U.S.C. § 3663(a)(1)(A)." (PSR ¶ 23).

The PSR references an Affidavit of Loss prepared by John Doe's mother, in which she "reported a loss of $222,729.00." (PSR ¶ 83). The Affidavit of Loss attributes $32,209.00 of this loss to the "[c]ost of funeral and related services" for John Doe, the remainder consists of lost income and medical expenses for John Doe's mother. (PSR ¶ 23).

**Applicable law**

The Victim and Witness Protection Act ("VWPA"), codified at 18 U.S.C. § 3663, provides that "[t]he court, when sentencing a defendant convicted of an offense under . . . the Controlled Substances Act . . . , may order . . . that the defendant make restitution to any victim of such offense, or if the victim is deceased, to the victim's estate." 18 U.S.C. § 3663(a)(1)(A). "[I]n determining whether to order restitution under this section, shall consider—(I) the amount of the loss sustained by each victim as a result of the offense; and (II) the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3663(a)(1)(B)(i).

Under the VRWA, "the term 'victim' means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered . . ." 18 U.S.C. § 3663(a)(2). The statute also states that the sentencing court may order a defendant "in the case of an offense resulting in . . . the death of a victim, pay an amount equal to the cost of necessary funeral and related services." 18 U.S.C. § 3663(b)(3).

**Discussion**

In explicit terms, the VRWA limits the Court's discretionary imposition of restitution to those persons "directly and proximately harmed" as a result of the offense of conviction. 18 U.S.C. § 3663(a)(2). Here, the victim of the offense was John Doe. Though John Doe's family certainly suffered devastating emotional and some pecuniary losses due to his passing, they are not "victims" as defined in the VRWA. Thus, restitution for lost wages and medical expenses for John Doe's family members cannot be ordered under the VRWA.

Further, as noted in the statute, in this case, because the offense resulted in death, the Court may order Mr. Apolinaris to "pay an amount equal to the cost of necessary funeral and related services . . ." 18 U.S.C. § 3663(b)(3). However, before ordering the full funeral and related costs, the Court must consider Mr. Apolinaris's financial resources, and his and his dependents' financial needs and earning ability. 18 U.S.C. § 3663(a)(1)(B)(i)(II).

As for his current financial resources, Mr. Apolinaris owns nothing of value and has no savings. (PSR ¶ 69). Though he has a consistent work history, he has always earned at or near the minimum wage. (PSR ¶¶ 67-69). His prospects upon release from prison likely include similar work at a similar wage. From those

earnings, he would not only have to support himself, but also his two young daughters. Also, because the mother of his elder daughter is disabled and unable to work, she is unusually reliant on the financial support of Mr. Apolinaris.

**Conclusion**

Pursuant to the VRWA, the Court may order restitution of no more than $32,209.00 for John Doe's funeral and related costs. However, considering Mr. Apolinaris's present state of indigency and the likelihood that his future earnings will be from a minimum wage or near-minimum wage job, the Court should order restitution of no more than $10,000. Also, because Mr. Apolinaris is presently indigent, the Court should order that any restitution shall not be payable until Mr. Apolinaris has been released from custody and that interest shall not accrue while he is in custody.

Thank you for your attention to this matter.

Respectfully submitted,

/s/

Michael K. Schneider, Esq.


cc:    Clerk of the Court (by ECF)
        AUSA John Enright (by ECF)