MANDATE

25-334-cr
*United States v. Apolinaris*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand twenty-six.

Present:

WILLIAM J. NARDINI,
STEVEN J. MENASHI,
EUNICE C. LEE,
*Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee,*

v. 25-334-cr

CALEB APOLINARIS, AKA KAPPA,

*Defendant-Appellant.*

---

For Appellee: BRACHAH GOYKADOSH, Assistant United States Attorney (Dylan A. Stern, Assistant United States Attorney, *on the brief*), *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY

For Defendant-Appellant: SIOBHAN C. ATKINS, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY



MANDATE ISSUED ON 03/04/2026

Appeal from a judgment of the United States District Court for the Eastern District of New York (Margo K. Brodie, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** in part and **REMANDED.**

Defendant-Appellant Caleb Apolinaris appeals from an amended judgment entered on February 12, 2025, in the United States District Court for the Eastern District of New York, following a guilty plea to one count of distribution of, and possession with intent to distribute, fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

In the early hours of April 12, 2022, Apolinaris sold what he believed to be heroin to a person (the "victim") who had texted Apolinaris. The substance contained fentanyl. A few hours after ingesting the drugs, the victim was found dead in his parents' home. In March 2024, Apolinaris and the government entered into a plea agreement, in which the parties "agree[d]" to a number of things. As relevant to this appeal, paragraph 1 of the plea agreement, which recounted the statutory penalties that the parties agreed were applicable to the charged violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), contained a bullet stating: "Restitution: N/A." Apolinaris entered his guilty plea in open court on March 27, 2024. During the plea hearing, the district court apprised Apolinaris of the consequences of pleading guilty to this crime, but it did not mention the possibility of restitution.[1] The Probation Office filed a pre-sentence report ("PSR") on October 22, 2024. Contrary to the parties' agreement that restitution was "N/A"—not applicable—the PSR stated that the district court could order restitution pursuant to 18 U.S.C. § 3663(a)(1)(A), and separately stated that the victim's mother reported a financial loss of $222,729: $32,209 was for

[1] Although the district court did not discuss restitution at the plea hearing, Apolinaris has not argued that his plea was invalid under Federal Rule of Criminal Procedure 11(b)(1)(K).

the victim's funeral expenses, and the remainder reflected the mother's lost income and medical expenses. Apolinaris filed a sentencing memorandum on November 15, 2024. The memorandum did not address the Probation Office's statement that the district court could impose restitution. Nor did the government's submission filed on November 20.

On November 25, 2024, the district court ordered the parties to "submit their arguments, if any, regarding the restitution award recommended in the Presentence Investigation Report" and to file those arguments on or before November 26, 2024—the day before sentencing. App'x at 11. Apolinaris filed a written submission arguing that the statute authorizing restitution for his offense, the Victim and Witness Protection Act ("VWPA"), did not authorize restitution to compensate for lost wages and medical expenses incurred by the victim's family and instead authorized restitution only to pay for the victim's funeral expenses. *See* 18 U.S.C. § 3663(a)(2) (defining victim as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered"); *id.* § 3663(b)(3) ("in the case of an offense resulting in . . . the death of a victim," a defendant may be ordered to "pay an amount equal to the cost of necessary funeral and related services"). Apolinaris further argued that, given his indigency and the likelihood (based on his background) that his future earnings would be from a minimum or low-wage job, "the Court should order restitution of no more than $10,000." App'x at 80. Apolinaris also asked that "any restitution shall not be payable until Mr. Apolinaris has been released from custody and that interest shall not accrue while he is in custody." *Id.* The government's concurrently filed submission argued that the victim's mother was a "victim" within the meaning of the VWPA and therefore that all of her losses were compensable.

At sentencing, the district court imposed a term of imprisonment of 168 months and three years of supervised release. The district court deferred its decision on restitution so it could

receive further briefing from the parties, but stated that "there is no question that at the very least the funeral expenses must be paid." *Id*. at 144. Judgment was entered on December 2, 2024, with the understanding that the district court would later amend it to order any restitution. On December 19, 2024, Apolinaris submitted a further memorandum regarding restitution. Apolinaris pointed out on the first page of his submission that "[i]n the plea agreement executed by the parties, they agreed that restitution was not applicable" and that the government was now "in breach of that agreement" by asking "the Court to impose $222,729 in restitution." *Id*. at 157. He also restated his legal position that the victim's family were not "victims" within the meaning of the VWPA and accordingly that the Court could order restitution of no more than $32,209 for the victim's funeral costs, as well as his request that the Court not order restitution of more than $10,000 due to his limited financial resources. The government's responsive submission conceded that the VWPA did not authorize compensation for the victim's mother's lost income and medical costs, and instead asked that the Court award the $32,209 in funeral expenses. The government did not respond to the assertion that it breached the plea agreement.

On February 11, 2025, the district court ordered restitution of $32,209 to cover the funeral costs in light of the parties' agreement that the VWPA authorized those costs. The same day, Apolinaris asked the district court to alter the judgment to clarify the payment schedule, and the district court granted the motion and amended the judgment on February 12.

On appeal, Apolinaris argues that the order imposing restitution should be vacated because the government breached the plea agreement by arguing that restitution should be imposed. We agree. The proper course of action for the government in response to the district court's request for briefing would have been to answer any questions about the district court's statutory authority to impose restitution while making clear that, in accordance with the plea agreement, it was not

advocating for the imposition of any restitution. *See, e.g.*, *United States v. Riera*, 298 F.3d 128, 134–135 (2d Cir. 2002); *United States v. Goodman*, 165 F.3d 169, 173 (2d Cir. 1999); *United States v. Lawlor*, 168 F.3d 633, 637 (2d Cir. 1999).

Accordingly, we **VACATE** the restitution award and **REMAND** to the district court for the limited purpose of determining whether restitution is warranted. *See Lawlor*, 168 F.3d at 638. And, "as we have done in other cases in which the government has breached a provision of a plea agreement, we remand this case for resentencing before a different district judge." *Id*. "We hasten to add" that "granting this relief implies not even the slightest criticism of the actions of the district judge" and instead results from "the government's failure to adhere to its contractual obligation." *Id*.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

A True Copy

Catherine O'Hagan Wolfe, Clerk

United States Court of Appeals, Second Circuit